# INA B. MOSCRIP v. GREAT NORTHERN RAILWAY COMPANY.[1]

## December 21, 1917.

## No. 20,689.

**Damages — corrected verdict sustained.**

Action for personal injury. Verdict for $9,000 reduced to $6,000 by the trial court. Evidence that the right hip was entirely free of skin and muscle-covering for a space of 5x4 inches and it was necessary to graft skin upon it; that the fat and skin between the legs were badly discolored; that the little finger of the right hand was broken and the muscles of the hand torn; that he had other injuries; that plaintiff remained in precarious condition for 3 days and in the hospital for nearly 5 months. *Held*: There was no ground for reversing the verdict. [Reporter.]

Action in the district court for Lyon county by the guardian ad litem of George R. Moscrip to recover $25,000 for injuries received by the minor while in defendant's employ. The answer alleged that Moscript assumed the risks in-

[1]Reported in 165 N. W. 1074.

cident to the employment. The case was tried before Olsen, J., and a jury which returned a verdict in favor of plaintiff for $9,000. Defendant's motion for judgment notwithstanding the verdict was denied. Its motion for a new trial was granted, unless plaintiff consented to a reduction of the verdict to $6,000. From the order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*M. L. Countryman, A. L. Janes* and *J. H. Hall*, for appellant.

*Tom Davis* and *Ernest A. Michel*, for respondent.

PER CURIAM.

This is an action to recover for personal injuries caused by the negligence of the defendant railway company. The jury returned a verdict for the plaintiff for $9,000. The trial court denied defendant's motion for judgment notwithstanding the verdict, but granted its motion for a new trial, unless plaintiff file his consent to the reduction of the verdict to $6,000. Plaintiff filed his consent to the reduction, and defendant appealed.

The sole question presented upon this appeal is: Was the verdict, as reduced by the trial court, excessive.

Plaintiff was injured on July 27, 1916. He was immediately removed to a hospital where he remained, barring three days, until December 23. He was under the constant care of Dr. Branton, who testified, in effect, that:

The skin and covering of the muscles of the right hip to the extent of about 5 or 5½ inches one way and about 4 inches the other way, was denuded, that is, it was entirely free, off of the hip. There were scratches, some places deeper than others, on the abdomen. Down between the legs in the soft tissues, the fat and skin were badly discolored. There was a deep hole, about as large around as the end of my little finger about a third of the way down the leg. On his right hand the little finger was broken just below the second joint and there was a deep tear through the muscles of the hand. The skin back of the right ear was torn. He remained in a very precarious condition, in a very grave condition for about 3 days. He bled considerable, which with the shock, made us fear there might be internal injuries. It was impossible for him to pass his urine, and we used a small rubber tube and we had to pass the catheter a number of times a day for 3 or 4 days, but he complained for 2 or 3 months. I found he had a stricture. After he had been in the hospital awhile, it became necessary to graft skin onto the wound on his hip. This was done in August.

Doctors Kerns and Thoraldsen each testified that he had a stricture and that it was permanent and that he had an injury to his back and sacro-iliac joint and to his kidneys.

The trial judge, apparently, gave the matter of the injuries and the amount of the verdict careful consideration. He had a superior opportunity

of determining the question of damages and nothing has been presented which would justify this court in holding that the trial court was in error in this respect.

Affirmed.